UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS B. ELLINGTON,                :

      Plaintiff,                        :     CIVIL ACTION NO. 3:09-2504

  v.                                          :              (NEALON, D.J.)
                                                  (MANNION, M.J.)

NICHOLAS CORTES; POWELL;      :
WAKOWSKI; PENNSYLVANIA
STATE POLICE; C.O. SPENCER;       :
AND DONNA ASURE;
                                              :

      Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the court is a motion to dismiss on behalf of defendants Cortes, Powell, Wakowski and the Pennsylvania State Police. (Doc. No. 32). For the reasons set forth below, the court recommends that the defendants' motion be **GRANTED**.

### I.    FACTS AND PROCEDURAL BACKGROUND

In Count 1 of the complaint, plaintiff Ellington takes issue with the search of his person by defendants Cortes, Powell, Wakowski and the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Pennsylvania State Police. In Count 2 of the complaint, plaintiff Ellington takes issue with an incident that occurred during his subsequent incarceration at the Monroe County Correctional Facility.

Count 1

On June 2, 2009, plaintiff was driving on Interstate 80, when he was pulled over by defendant Cortes, a Pennsylvania State Trooper, who was conducting traffic surveillance. (Doc. No. 1 at ¶11). Shortly after pulling over plaintiff's vehicle, defendant Cortes conducted a National Crime Information Center check on the plaintiff. *Id.* at ¶¶ 16-17. This background check revealed that plaintiff had a felony history involving drugs and weapons in the state of New York. *Id.* at ¶18; (Doc. No. 33-2 at 4).

At this point, defendant Cortes called for backup. (Doc. No. 1 at ¶19). Consequently, defendants Powell and Wakowski joined defendant Cortes at the scene. *Id.* at ¶20. After defendants Powell and Wakowski arrived, defendant Cortes asked the plaintiff to exit the vehicle, and step to the rear. *Id.* at ¶21. As such, plaintiff complied with defendant Cortes' order. *Id.* at ¶22. Defendant Cortes asked the plaintiff about his destination and departure. *Id.* at ¶23. Plaintiff was then issued a warning for the alleged traffic violation. *Id.* at ¶24.

Next, defendant Cortes asked the plaintiff if he could search his vehicle. *Id.* at ¶25. It appears that plaintiff consented to this search.[2] *Id.* at ¶26. As such, defendant Powell conducted a K9 search, but found nothing in the vehicle. *Id.* at ¶27.

Defendant Cortes then patted down the plaintiff and allegedly felt nothing. *Id.* at ¶28. Next, defendant Cortes unbuckled plaintiff's pants and looked into his boxers. *Id.* at ¶29. He then thrust his hand upwards between plaintiff's legs claiming to have felt an object. *Id.* at ¶30. As such, defendant Cortes immediately handcuffed plaintiff. *Id.* at ¶31.

Plaintiff alleges that defendant Cortes then bent plaintiff over his vehicle and pulled down plaintiff's pants and boxers. *Id.* at ¶32. Defendant Wakowski handed defendant Cortes a pair of pliers which he used to remove the alleged object[3] from the plaintiff's anal region. *Id.* at ¶35. Plaintiff was then arrested and brought to the Swiftwater Barracks. *Id.* at ¶42.

As a result of this incident, plaintiff claims that defendants Cortes, Powell, Wakowski and the Pennsylvania State Police violated his Fourth,

---

[2] However, plaintiff alleges the consent was coerced and vitiated by an illegal detention. *Id.*

[3] This object was later determine to be approximately 100 grams of cocaine. (Doc. No. 33-2 at 5).

3

Eighth and Fourteenth Amendment rights, and that the defendants' actions constituted a battery under Pennsylvania law. *Id.* at ¶55.

Count 2

The plaintiff was later confined at the Monroe County Correctional Facility ("MCCF"). *Id.* at ¶56. On October 13, 2009, the plaintiff was attempting to eat lunch in his cell when defendant Spencer allegedly entered his cell and began harassing him. *Id.* at ¶¶66-68. Defendant Spencer then poured plaintiff's milk over his body and face. *Id.* at ¶78. As such, plaintiff immediately stood, and, at that point, defendant Spencer allegedly lunged forward and struck plaintiff in the face with a closed fist. *Id.* at ¶¶79-82. Defendant Spencer allegedly continued to attack the plaintiff who was eventually lying on the floor. *Id.* at ¶¶86-87. While plaintiff was laying helpless on the floor, defendant Spencer put his full body weight on plaintiff making it impossible for him to breathe. *Id.* at ¶¶87-88. Defendant Spencer also began pulling out plaintiff's hair and digging his fingers into plaintiff's face causing lacerations. *Id.* at ¶89. Plaintiff alleges that defendant Warden Donna Asure stood by and watched this incident, even as plaintiff stated he could not breathe. *Id.* at ¶¶94-95.

Based on the foregoing, plaintiff claims that defendants Spencer and

4

Asure violated his Eighth Amendment rights. *Id.* at ¶111.

On May 4, 2010, defendants Cortes, Powell, Wakowski, and the Pennsylvania State Police filed motion to dismiss that was accompanied by a brief. (Doc. No. 32); (Doc. No. 33). On June 8, 2010, the plaintiff filed a brief in opposition. (Doc. No. 41); (Doc. No. 42). Thus, the motion is now ripe for our consideration.

## II. STANDARD OF REVIEW

The defendants' motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*,

5

550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the

6

court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. LEGAL ANALYSIS

Defendants have raised various argument as to why the plaintiff's claims should be dismissed. The court will consider these arguments below.

### A. Eleventh Amendment Immunity

The Pennsylvania State Police argue they should be dismissed from this action. The court agrees.

By bringing a lawsuit against the Pennsylvania State Police, the plaintiff is really bringing a suit against the Commonwealth of Pennsylvania. *See Williams v. City of Scranton*, No. 10-0388, 2010 U.S. Dist. LEXIS 73909, at *10 (M.D. Pa. July 22, 2010). Federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985); *Edelman v. Jordan*, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir.1981). "Under

the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." *Laskaris, 661 F.2d at 25* (citing PA. CONS. STAT. ANN. §8521(b)). Section 1983 or 1985 does not "abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan,* 440 U.S. 332, 345 (1979); *Galavani v. Pennsylvania*, No. 08-0393, 2008 U.S. Dist. LEXIS 89150, at *16 (M.D. Pa. Nov. 4, 2008).

Furthermore, an essential element of any claim under § 1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Moreover, in plaintiff's brief in opposition he specifically concedes that he cannot bring suit against the Pennsylvania State Police. Consequently, the court recommends that the complaint be dismissed to the extent plaintiff brings claims against the Pennsylvania State Police or defendants Powell,

Cortes, or Wakowski in their official capacities.

As such, the court will now turn to plaintiff's individual capacity claims against defendants Powell, Cortes and Wakowski.

**B.** *Rooker-Feldman*

The *Rooker-Feldman* doctrine, as it is known today, is the product of two Supreme Court cases interpreting 28 U.S.C. §1257(a). This statute provides:

> "Final judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question, or where the validity of a statute of any state is drawn in question on the grounds of its being repugnant to the Constitution, treaties or laws of the United States . . ."

28 U.S.C. §1257(a). The *Rooker-Feldman* doctrine is the negative inference of §1257(a). In other words, if appellate review of state court judgments is vested in the United States Supreme Court, that review is not vested in the lower federal courts. Therefore, the lower federal courts are deprived of subject matter jurisdiction over actions which would require review of decisions of the state courts. In addition, *Rooker-Feldman* applies to decisions of lower state courts as well as decisions of the state's highest court. *Whiteford v. Reed*, 155 F. 3d 671, 674 (3d Cir. 1998).

9

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), the Supreme Court held that lower federal courts may not hear claims actually decided by a state court. Later, in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 283 n.16 (1983), the Supreme Court extended the holding of *Rooker* to claims that are "inextricably intertwined" with a state court judgment.

To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, the court must pay close attention to the relief which the plaintiff is requesting. *See Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004) (citing *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). "While a litigant may be able to make a federal claim appear unrelated to a state court judgment through artful pleading, the requested relief can quickly reveal whether *Rooker-Feldman* applies. Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield,* 389 F.3d at 1148 (citing *Kenmen Eng'g*, 314 F.3d at 478)). "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court

10

has no subject matter jurisdiction to hear this suit." *Gulla v. North Strabane Township*, 246 F.3d 168, 171 (3d Cir. 1998). However, even where a claim is inextricably intertwined with the state court's judgment, the *Rooker-Feldman* doctrine does not apply if the plaintiff did not have a reasonable opportunity to raise the federal claims in the state proceedings.

Defendants Cortes, Powell and Wakowski argue that the *Rooker-Feldman* doctrine bars the plaintiff's federal claims. Specifically, defendants assert that a finding by this court that defendants' search of the plaintiff and/or seizure of the cocaine violated plaintiff's civil rights would result in a determination that the Monroe County Court of Common Pleas' decision on plaintiff's motion to suppress was incorrect.

Prior to commencing this action, the plaintiff filed a motion to suppress in the Court of Common Pleas of Monroe County. The opinion issued by the state court addressed two specific issues: "(1) Did Trooper Cortes have legal justification based upon reasonable suspicion to stop Defendant [Ellington]'s vehicle solely because it was traveling less than one car length behind another vehicle?; and (2) Was Defendant [Ellington]'s continued detention following the traffic stop proper?" (Doc. No. 33-2 at 5). With respect to the second issue, the state court held that reasonable suspicion existed to

prolong the traffic stop, and that the search of the plaintiff's person and vehicle was lawful as the plaintiff had voluntarily consented to the search of his person and vehicle. *Id.* at 14.

Here, the plaintiff seeks that this court find the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights because the defendants unreasonably strip searched him, on the side of the highway. Specifically, plaintiff takes issue with the fact that the officers had to pull down his pants and his boxers, and use pliers, in order to remove the drugs he was hiding in his anal region. Moreover, in plaintiff's brief he clarifies that he "is not seeking release challenging an unconstitutional conviction or imprisonment, but merely that of a highly unconstitutional search of his person stripped naked on the side of a highway by highly unusual means, and as such to be compensated for the same." (Doc. No. 41 at 6).

It appears that plaintiff's federal claims are inextricably intertwined with the state court's judgment. Specifically, this court cannot find that the search of the plaintiff was unreasonable without disturbing the state court's holding that the plaintiff consented to the search. Consequently, in order to rule upon the federal claims raised by the plaintiff in this action, this court would necessarily be required to review the decision of the state court, namely the

opinion on the motion to suppress. As any such review may imply the invalidity of that decision, it is therefore barred by the *Rooker-Feldman* doctrine. *See Wishnefsky v. Addy*, 969 F. Supp. 953 (E.D. Pa.1997), *aff'd*, 129 F.3d 1257 (3d Cir. 1997); *O'Rourke v. Krapf*, No. 01-3065, 2002 U.S. Dist. LEXIS 18358, (E.D. Pa. Sept. 20, 2002).

In sum, because a decision by this court that the search was unconstitutional cannot co-exist with the state court decision that the search of plaintiff was lawful as he consented to the search of his person, the court finds that it lacks subject matter jurisdiction over the plaintiff's federal claims against defendants Cortes, Powell, and Wakowski.[4] In addition, there is no indication that the plaintiff did not have an opportunity to raise his present claims during the state proceedings. Therefore, the court recommends that defendants Cortes, Powell and Wakowski's motion to dismiss plaintiff's Fourth, Eighth and Fourteenth Amendment claims be granted.

### C. Remaining State Law Claim

As a final matter, the court finds that it appears plaintiff may have

---

[4] Because the court finds that the *Rooker-Feldman* doctrine bars plaintiff's claims against defendants Cortes, Powell and Wakowski, the court need not consider the defendants' remaining arguments that plaintiff's claims are barred by *Heck v. Humphrey* or *Younger* abstention.

13

intended to bring a Pennsylvania state law claim for battery against defendants Cortes, Powell and Wakowski. (Doc. No. 1 at ¶55). "To prove [a] claim of battery, [a] [p]laintiff must establish that a particular [d]efendant intended to cause a harmful or offensive contact to [p]laintiff, or an imminent apprehension of such contact in [p]laintiff, and that such contact with [p]laintiff resulted." *Brown v. City of Philadelphia*, No. 07-0192, 2008 U.S. Dist. LEXIS 6967, at *39 (E.D. Pa. Jan. 31, 2008) (citing *Lakits v. York*, 258 F. Supp. 2d 401, 407 (E.D. Pa. 2003)).

Here, it appears that the plaintiff's allegations do not indicate that any of the defendants intended to harm him. Although the plaintiff alleges that the pliers used to remove the drugs from his anal region caused him to suffer physical pain, he does not allege that the defendants intended to injure him. To the contrary, it appears that the officers were simply trying to remove the contraband plaintiff was hiding in his anal region. Although the incident may have caused the plaintiff pain, the court cannot find that plaintiff's allegations, or the decision by the Monroe County Court of Common Pleas, support a finding that the officers had the intent to harm the plaintiff. Therefore, to the extent the plaintiff intended to bring a claim for battery against defendants Cortes, Powell, or Wakowski, the court recommends that the state law battery

claim be dismissed. *See Labar ex. rel. Estate of Labar v. Alercia*, No. 09-4182, 2010 U.S. Dist. LEXIS 103633, at *24 (E.D. Pa. Sept. 30, 2010) (granting the motions to dismiss the assault and battery claims because the complaint failed to sufficiently allege the defendants intended to harm Mrs. LaBar).

## IV. RECOMMENDATION[5]

For the reasons elaborated above, **IT IS RECOMMENDED THAT** defendants' motion to dismiss, (Doc. No. 32), be **GRANTED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** February 23, 2011
O:\shared\REPORTS\2009 Reports\09-2504-01.wpd

---

[5] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.