IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS B. ELLINGTON,<br>Plaintiff<br><br>v.<br><br>NICHOLAS CORTES, et al.,<br>Defendants | :<br>:<br>: CIVIL ACTION NO. 3:09-2504<br>:<br>: (JUDGE NEALON)<br>: (MAGISTRATE JUDGE MANNION)<br>: |

## MEMORANDUM and ORDER

On December 18, 2009, Plaintiff, Thomas B. Ellington, an inmate at SCI-Forest Marienville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 asserting: "Count I: Unreasonable Search & Seizure," against his three arresting officers, Defendants Cortes, Powell, Wakowski and the Pennsylvania State Police; and "Count II; Unnecessary Use of Excessive Force," against Defendant Correction Officer William Spencer and Defendant Warden Donna Asure. (Doc. 1). On May 4, 2010, Defendants Cortes, Powell, and Wakowski and the Pennsylvania State Police filed a motion to dismiss and brief in support thereof (Docs. 32 & 33); on June 8, 2010, Plaintiff filed a brief in opposition (Docs. 41 & 42); and on February 22, 2011, Plaintiff filed a supplemental response and brief (Docs. 75 & 76). On February 23, 2011, Magistrate Judge Malachy E. Mannion issued a Report and Recommendation recommending that the motion to dismiss be granted. (Doc. 77). Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on March 14, 2011 and April 1, 2011. (Docs. 80 & 81). The matter is now ripe for disposition and, for the reasons stated below, the Report and Recommendation will be adopted.

FILED
SCRANTON

AUG 11 2011

PER _____
DEPUTY C____

**STANDARD**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(c), the Court must make a de novo review of those portions of the report to which objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). A de novo determination is not required if the objections are not specific. Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the Court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

Sub judice is Defendants' motion to dismiss. (Doc. 32). In rendering a decision on a Rule 12(b)(6) motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff is entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2007) (quoting Pinder v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2007)); see also Munsif v. Cassel, 2009 U.S. App. LEXIS 10230, *8 (3d Cir. 2009). The complaint must contain sufficient factual matter to suggest the required elements or, in other words, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Phillips, 515 F.3d at 234 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 n.8, 167 L. Ed. 2d 929 (2007)). A court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims" and must accept as true the factual allegations in the complaint

2

and all reasonable inferences that can be drawn from them. Indep. Enterprises, Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "The burden is on the moving party to show that there is no actionable claim." Javorski v. Nationwide Mutual Ins. Co., 2006 U.S. Dist. LEXIS 53480, *17 (M.D. Pa. 2006) (Conaboy, J.).

## DISCUSSION

Initially in his Report, the Magistrate Judge extensively analyzed the allegations contained in Plaintiff's complaint and discussed the legal standard for a Rule 12(b)(6) motion to dismiss. (Doc. 77, pp. 1-7). Magistrate Judge Mannion first properly recommends dismissing the Pennsylvania State Police and Defendants Powell, Cortes and Wakowski in their official capacities based on immunity provided to states from suit in federal court by the Eleventh Amendment. (Doc. 77, pp. 7-9). The Magistrate Judge also concludes that the claims against Defendants Cortes, Powell and Wakowski in their individual capacities are barred by the Rooker-Feldman doctrine because Plaintiff's claims are that the moving Defendants' search of his person violated his constitutional rights and the Court of Common Pleas of Monroe County has already concluded that the moving Defendants' actions regarding the search were reasonable. (Doc. 77, pp. 9-13). Lastly, Magistrate Judge Mannion, being thorough, concludes that in the event Plaintiff is asserting claims of battery against the moving Defendants, such claims fail as the Plaintiff has not alleged that the arresting officers intended to harm him. (Doc. 77, pp. 14-15).

3

Plaintiff objects to the Magistrate Judge's recommendations arguing that Plaintiff, as a pro se litigant, is to be held to less stringent pleading standards. (Docs. 80 & 81). Plaintiff also argues that the Rooker-Feldman doctrine is not applicable here "because Plaintiff does not need to challenge the adequacy of his conviction to prevail on that claim." (Doc. 81, p. 4). Lastly, Plaintiff objects to the dismissal of his battery claim stating that in his complaint he alleged Defendant Cortes' actions were "wanton and deliberate" which suffices as an allegation that moving Defendants intended to harm him. (Doc. 80).

Since Plaintiff has conceded in his brief in opposition that he cannot bring a claim against the Pennsylvania State Police based on Eleventh Amendment immunity, and since Plaintiff has not objected to the dismissal of the Pennsylvania State Police and the arresting officers in their official capacity based on said immunity, having reviewed the Magistrate Judge's analysis regarding such immunity as it applies here, it is determined that the Magistrate Judge's recommendation to dismiss the Pennsylvania State Police and the moving Defendant Police Officers in their official capacity will be accepted. See (Doc. 41, p. 11); see also (Docs. 80 & 81).

Plaintiff objects stating that his pleadings should be read more liberally since he is proceeding pro se and if read more liberally it would be determined that the Rooker-Feldman doctrine does not bar his claims. A review of the filings and the Magistrate Judge's Report and Recommendation reveals that the pro se Plaintiff's pleadings were liberally read for his benefit. This is evidenced by the fact that Plaintiff did not set forth a count of battery against the moving Defendants but mentions "tort and battery . . . violating state law" in a single paragraph and Magistrate Judge Mannion graciously read the Plaintiff's complaint as having set forth a cause of

4

action for battery. See (Doc. 1, ¶ 55) and (Doc. 77, pp. 13-15). The Magistrate Judge's liberal reading of the complaint on behalf of the Plaintiff was proper and his analysis of the Rooker-Feldman doctrine was correct. Since the Monroe County Court of Common Pleas determined that the search of Plaintiff and the incidents surrounding the search were reasonable and did not violate Plaintiff's constitutional rights and specifically that "[Plaintiff] voluntarily consented to the search of his vehicle and his person," this Court cannot now award damages by determining that the search violated Plaintiff's constitutional rights. (Doc. 33- 2, p. 13); Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (The Rooker-Feldman doctrine bars the lower federal courts "from entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling."); O'Rourke v. Krapf, 2002 U.S. Dist. LEXIS 18358 (E.D. Pa. 2002) (The Rooker-Feldman doctrine deprived the court of jurisdiction to consider issues that challenged the suppression ruling in a criminal trial.). Here, awarding Plaintiff damages on his constitutional claims would require this Court to rule that the moving Defendants' actions were unreasonable and violated Plaintiff's constitutional rights in direct conflict with the determinations of the Monroe County Court of Common Pleas. Therefore, Plaintiff's constitutional claims against the moving Defendants in their individual capacities will also be dismissed because this Court lacks jurisdiction over them under the Rooker-Feldman doctrine.

Plaintiff's last objection is that his state law battery claims against the moving individual Defendants should not be dismissed. In response to the Magistrate Judge's determination that Plaintiff failed to plead that the Defendants intended to cause a harmful or offensive contact, Plaintiff points out that he alleged that Defendant Cortez's actions were "wanton and deliberate"

and argues again that his complaint should be liberally read since he is proceeding pro se. See (Doc. 77, p. 14) and (Doc. 81, p. 7). However, a determination on whether Plaintiff sufficiently alleged that the moving Defendants intended him harm need not be made. Any state law claim for battery by Plaintiff against the moving Defendants is also barred by the Rooker-Feldman doctrine since the Monroe County Court of Common Pleas determined that Plaintiff consented to the search. (Doc. 33-2, p. 14). Because consent is a defense to battery, this Court, to award damages for battery, would have to contradict the Monroe County Court of Common Pleas determination that Plaintiff consented to the search and that the search was reasonable. See Winslow v. Borough of Malvern Pa., 2009 U.S. Dist. LEXIS 113586, *20-21 (E.D. Pa. 2009) ("[C]onsent is a defense to battery."), citing Levenson v. Souser, 557 A.2d 1081, 1088 (Pa. Super. 1989). Therefore, the Rooker-Feldman doctrine blocks jurisdiction of Plaintiff's state law claim for battery. Furthermore, since Plaintiff's constitutional claims against the moving Defendants will be dismissed, this Court need not exercise supplemental jurisdiction over Plaintiff's state law tort claims. See 28 U.S.C.S. § 1367(c)(3). Accordingly, Plaintiff's state law tort claim of battery against the moving Defendants will also be dismissed.

After a careful, independent review of the pleadings, the Magistrate Judge's Report and Recommendation will be adopted and the Defendants' motion to dismiss (Doc. 32) will be granted.

Date: August 11, 2011

**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS B. ELLINGTON,<br>　　　Plaintiff<br><br>　　v.<br><br>NICHOLAS CORTES, et al.,<br>　　　Defendants | :<br>:<br>:  CIVIL ACTION NO. 3:09-2504<br>:<br>:  (JUDGE NEALON)<br>:  (MAGISTRATE JUDGE MANNION)<br>: |

## ORDER

AND NOW, THIS 11th DAY OF AUGUST, 2011, **IT IS HEREBY ORDERED**

**THAT:**

1. The Report and Recommendation (Doc. 77) is **ADOPTED**;

2. Defendants' motion to dismiss (Doc. 32) is **GRANTED**;

3. Plaintiff's objections (Docs. 80 & 81) to the Report and Recommendation are **OVERRULED**;

4. Defendant Nicholas Cortes, Defendant Gerald Powell, Defendant Wakowski, and the Pennsylvania State Police are **TERMINATED** from this action;

5. This case is REMANDED to the Magistrate Judge for further proceedings; and

6. Any appeal will be deemed frivolous and not taken in good faith.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

**FILED**
**SCRANTON**

AUG 1 1 2011

PER _____
　　　　DEPUTY