UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS B. ELLINGTON, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:09-2504 |
| v. | : | (NEALON, D.J.) |
| | | (MANNION, M.J.) |
| NICHOLAS CORTES, ET AL., | : | |
| Defendants | : | |

# **REPORT AND RECOMMENDATION**[1]

Presently before the court is a motion for summary judgment filed by Defendants Warden Asure and Correctional Officer Spencer, (Doc. No. 99). The plaintiff, currently an inmate at the State Correctional Institution at Forest in Marienville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). The plaintiff alleges that while he was incarcerated at the Monroe County Correctional Facility ("MCCF"), Defendant Spencer used excessive force against him and that Defendant Asure failed to properly supervise C.O. Spencer. Finding that the plaintiff fails to establish a claim for excessive force, the court recommends that the motion for summary judgment be **GRANTED**.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. FACTS AND PROCEDURAL HISTORY[2]

The plaintiff alleges that on October 13, 2010, C.O. Spencer verbally harassed the plaintiff, poured a carton of milk on the plaintiff's head, struck the plaintiff in the face, pulled the plaintiff's hair, and dug his fingernails into the plaintiff's face. (Doc. No. 1). The defendants, however, assert that the plaintiff was the aggressor thereby justifying the force used by C.O. Spencer which resulted in minor scrapes and bruises. (Doc. No. 100 at 6). Specifically, the defendants include the statement of C.O. Dockery, who heard "a clatter" in the plaintiff's cell and then saw the plaintiff with his arms around C.O. Spencer's lower body. (Id. at 5). C.O. Dockery then stated that five corrections officers were needed to restrain the plaintiff. (Id.). The defendants have also presented evidence that the plaintiff was found guilty of assault by an MCCF disciplinary board and sentenced to sixty days in the Restricted Housing Unit. (Id. at 7).

Finally, the defendants present evidence that the plaintiff pled guilty to simple assault charges related to the incident. (Id. at 2-3). As part of his guilty plea, the plaintiff was required to give a colloquy which included the

---

[2] Pursuant to Local Rule 56.1, the defendants submitted a statement of material facts in support of their motion, (Doc. No. 100). Contrary to Local Rule 56.1, the plaintiff has failed to file a separate, short and concise statement of the material facts, responding to the defendant's statement of material facts. As such the defendant's facts are deemed to be admitted.

2

statement: "[o]n October 13, 2009, in Monroe County, I lunged towards corrections officers Spencer in an attempt to cause him bodily injury as he entered by cell to retrieve a milk carton." (Id. at 3). The plaintiff was sentenced to a minimum of one year and a maximum of two years for the assault. (Id.). The plaintiff filed a Notice of Appeal to the Superior Court. (Id. at 4). On February 25, 2011, the Superior Court affirmed the lower court's sentence. (Id.).

On December 12, 2009, the plaintiff filed his initial complaint, (Doc. No. 1). On May 4, 2011, other defendants in the case – a group of Pennsylvania State Troopers involved in the plaintiff's arrest – filed a motion for summary judgment, (Doc. No. 32), which the court granted on August 11, 2011, (Doc. No. 82). On March, 1, 2012, the remaining defendants, C.O. Spencer and Warden Asure, filed the instant motion for summary judgment, (Doc. No. 99), a statement of material facts, (Doc. No. 100), and brief in support, (Doc. No. 101). To date, the plaintiff has not responded, however the court will consider the merits of the case pursuant to *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir.1991).

## II. STANDARD OF REVIEW

The defendants have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment is

3

appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." [Fed. R. Civ. P. 56(c)](); *see also* [Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)](); [Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir.1990)](); [In re Cargill Meat Solutions Wage and Hour Litigation, 632 F.Supp.2d 368, 372 (M.D.Pa.2008)](). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. [Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)](); [Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir.2007)](). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." [Anderson, 477 U.S. at 249](); *see also* [Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir.2004)](). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. [Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir.2007)]().

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a

4

genuine issue of material fact. *See Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir.2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir.1998) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir.2007).

## III. DISCUSSION

The defendants argue that by virtue of his guilty plea and colloquy that "[he] lunged towards corrections officers Spencer in an attempt to cause him bodily injury," the plaintiff is judicially and collaterally estopped from now

5

arguing that C.O. Spencer used excessive force in their altercation. (Doc. No. 101 at 6-13). The court agrees that the plaintiff is estopped from arguing that C.O. Spencer was the aggressor, *see generally* New Hampshire v. Maine, 532 U.S. 742, 749-51, 121 S.Ct. 1808 (2001); however, the court does not agree that the plaintiff's guilty plea necessarily forecloses a constitutional claim based on excessive force. Even if a prisoner admits to being the initial aggressor, a corrections officer may not meet such aggression with more force than is reasonable under the circumstances. Therefore, a finding that the plaintiff is estopped from asserting facts contrary to his role as the initial aggressor does not end the inquiry into whether C.O. Spencer's used excessive force in response.

However, In order for a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *See* Austin v. Tennis, 381 Fed.Appx. 128, 133 (3d Cir.2010)(*citing* Hudson v. McMillian, 503 U.S. 1, 7 (1992). "In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of

injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Id.* (citing *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (*quoting Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The absence of any injury, or evidence of only de minimis injuries, is "relevant to the Eighth Amendment inquiry, but does not end it." *Hudson*, 503 U.S. at 7.

Though the court finds the plaintiff's colloquy highly probative, it is only after examining all facts in the record under the Third Circuit's excessive force standard that the court can determine whether a reasonable jury could find that excessive force may have occurred. Here, the colloquy establishes that there was a need for the application of force after the plaintiff lunged at C.O. Spencer. There are no allegations that any weapons or other means were used to combat the plaintiff's lunge beyond C.O. Spencer's own person, indicating a close relationship between the need for force and amount of force used. A nurse examined the plaintiff immediately after the altercation and noted only superficial scratches on the plaintiff's face and left arm and two lumps on his forehead which were treated with triple antibiotic ointment. (Doc. No. 100 at 6). Finally, the statement of C.O. Dockery and report that five correctional officers were required to restrain the plaintiff indicates both that

7

there was a safety risk and that efforts to temper the required physical force were taken. (Doc. No. 100 at 5).

In sum, the plaintiff's guilty plea and conviction for simple assault does not foreclose the possibility that a corrections officer involved in the same incident may have used excessive force. Nevertheless, in this case, the court finds that the undisputed facts support a finding of summary judgement in favor of C.O. Spencer. The colloquy establishes that force was necessary and the minor injuries and support of additional officers indicate that the force applied was reasonable. As such the court recommends that the motion for summary judgment be granted with respect to C.O. Spencer.

With respect to Warden Asure, supervisory liability on an Eighth Amendment claim for failure to train or supervise requires that, "the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (3) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (*citing Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir.1989)). Here, the court finds that no reasonable jury could determine that C.O. Spencer violated the plaintiff's Eighth Amendment rights.

Therefore, no injury occurred and no injury can be said to have resulted from a policy or practice instituted by Warden Asure. As such, the motion for summary judgment should be granted with respect to Warden Asure.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

The defendants' motion for summary judgment, (Doc. No. 99), be **GRANTED**.

---

          s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATED: October 31, 2012**
O:\shared\REPORTS\2009 Reports\09-2504-02.wpd