IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

FEB 0 1 2013

PER ____

DEPUTY CLERK

THOMAS B. ELLINGTON,
    Plaintiff

    v.

NICHOLAS CORTES, et al.,
    Defendants

:
:
:
:
:
:
:
:

CIVIL ACTION NO. 3:09-2504

(JUDGE NEALON)
(MAGISTRATE JUDGE MANNION)

## MEMORANDUM

On December 18, 2009, Plaintiff, Thomas B. Ellington, an inmate at the Forrest State Correctional Institute, Marienville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 asserting: "Count I: Unreasonable Search & Seizure," against his three arresting officers, Defendants Cortes, Powell, Wakowski and the Pennsylvania State Police; and "Count II: Unnecessary Use of Excessive Force," against Defendant Correction Officer William Spencer and Defendant Warden Donna Asure. (Doc. 1). On August 11, 2011, this Court adopted the Report and Recommendation of Magistrate Judge Malachy E. Mannion and granted the motion to dismiss of Defendants Powell, Wakowski, Cortes, and the Pennsylvania State Police. (Doc. 82).

On March 1, 2012, the remaining Defendants, Spencer and Asure, moved for summary judgement. (Doc. 99). On October 31, 2012, Magistrate Judge Mannion issued a Report and Recommendation ("R&R') recommending that the motion for summary judgment be granted. (Doc. 77). Plaintiff filed objections, a motion, brief, statement of facts, and declaration in opposition to the Magistrate Judge's R&R on December 7, 2012. (Docs. 106-110). The matter is now ripe for disposition and, for the reasons stated below, the R&R will be adopted.

**STANDARD**

When objections to a Report and Recommendation have been filed under 28 U.S.C. §

636(b)(1)(c), the Court must make a <u>de novo</u> review of those portions of the report to which

objections are made. <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). A <u>de novo</u>

determination is not required if the objections are not specific. <u>Goney v. Clark</u>, 749 F.2d 5, 6-7

(3d Cir. 1984). The Court may accept, reject, or modify, in whole or in part, the findings and

recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further,

the Court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's

proposed findings and recommendations. <u>United States v. Raddatz</u>, 447 U.S. 667, 676, 100 S.

Ct. 2406, 65 L. Ed. 2d 424 (1980); <u>Goney</u>, 749 F.2d at 7.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); <u>Turner v.

Schering-Plough Corp.</u>, 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary

judgment bears the burden of showing the absence of a genuine issue as to any material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once

such a showing has been made, the non-moving party must offer specific facts contradicting

those averred by the movant to establish a genuine issue of material fact. <u>Lujan v. National

Wildlife Federation</u>, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). All

inferences "should be drawn in the light most favorable to the non-moving party, and where the

non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as

true." <u>Pastore v. Bell Tel. Co.</u>, 24 F.3d 508, 512, <u>quoting</u> <u>Big Apple BMW, Inc. v. BMW of</u>

North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

**DISCUSSION**

The Plaintiff alleges that he was verbally harassed and assaulted by Defendant Spencer in Plaintiff's cell in the Restricted Housing Unit on October 13, 2010. See (Doc. 1). Specifically, Plaintiff testified at his deposition that Defendant Spencer enter his cell, verbally antagonized Plaintiff, poured milk in Plaintiff's face, lunged at Plaintiff, and struck Plaintiff in the face. (Doc. 100-1, pp. 44-45). However, the Defendants maintain that Plaintiff assaulted Defendant Spencer and five corrections officers were needed to restrain Plaintiff. (Doc. 100, pp. 5-6). The Monroe County Correctional Facility Disciplinary Board found Plaintiff guilty of assaulting Defendant Spencer and sentenced him to sixty (60) days in the Restricted Housing Unit. (Doc. 100-1, p. 26). Further, the matter was investigated and prosecuted by the Monroe County District Attorney's Office resulting in Plaintiff pleading guilty to simple assault. (Doc. 100-1, pp. 1-8). In his Guilty Plea Colloquy, Plaintiff admitted, "[o]n October 13, 2009, in Monroe County, I lunged towards Corrections Officer Spencer in an attempt to cause him bodily injury as he entered my cell to retrieve a milk carton." (Doc. 100-1, p. 1).

Initially in the R&R, the Magistrate Judge analyzed the factual and procedural history of this case and discussed the legal standard for a Rule 56 motion for summary judgment. (Doc. 103, pp. 3-5). Magistrate Judge Mannion agreed with the moving Defendants that, based on Plaintiff's guilty plea, he is estopped from arguing that Defendant Spencer was the aggressor in the altercation, however, the Magistrate Judge noted that this does not necessarily eliminate a constitutional claim for excessive force as a corrections officer may not meet aggression with

3

more force than is reasonable under the circumstances. (Doc. 103, p. 6). Magistrate Judge Mannion set forth the elements and standards for an Eighth Amendment claim of excessive force. (Doc. 103, pp. 6-7). After reviewing the factual allegations of the Complaint, the Magistrate Judge concluded that the undisputed facts show that the force used was necessary, and recommended granting summary judgment in favor of Defendant Spencer. (Doc. 103, p. 8).

With regard to Defendant Asure, the Magistrate Judge set forth the elements of supervisory liability for an Eighth Amendment claim. (Doc. 103, p. 8). Magistrate Judge Mannion concluded that no injury can be said to have resulted from a policy or practice instituted by Defendant Asure and recommended that Defendant Asure's motion for summary judgment be granted. (Doc. 103, p. 9).

Plaintiff makes three objections to the Magistrate Judge's recommendations: 1) because his conviction is under appellate review, Plaintiff's guilty plea and colloquy cannot be used against him and his action is not barred by Heck or the Rooker-Feldman doctrine; 2) because Plaintiff was denied relevant discovery, he should not be required to set forth sufficient evidence to support a jury verdict in his favor; and 3) the R&R has not weighed the entire evidence because, due to heart surgery, Plaintiff was unable to submit his motion in opposition to Defendants' motion, brief, statement of facts, and declaration which contain "sufficient and very relevant evidence." (Doc. 106, pp. 1-4); (Doc. 107, pp. 3-4); (Doc. 110, pp. 1-3).

Regarding Plaintiff's first objection, until such time as Plaintiff's conviction is overturned, this Court not only can rely on his guilty plea and colloquy but must make no judgment that would necessarily imply the invalidity of his conviction. See Lawson v. McNamara, 438 Fed. Appx. 113, 115 (3d Cir. 2011), citing Heck v. Humphrey, 512 U.S. 477,

4

487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Although Plaintiff alleges that he is presently appealing his conviction, he has not proven that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487. Despite Plaintiff's assertions in his pleadings and his deposition testimony that he was not the aggressor, (Doc. 100-1, p. 44), based on his guilty plea and colloquy it is determined that Plaintiff was the aggressor and assaulted Defendant Spencer. Therefore, Plaintiff's first objection will be overruled.

Secondly, Plaintiff objects to the standard for summary judgment because he alleges he was denied discovery. On September 26, 2011, Plaintiff filed a motion for discovery and on November 25, 2011, Plaintiff filed a motion to compel discovery. (Docs. 87, 90). On August 7, 2012, Magistrate Judge Mannion thoroughly analyzed the arguments and denied Plaintiff's motion to compel. (Doc. 102). Having reviewed the motions to compel, brief, Defendants' motion for a protective order, and Magistrate Judge Mannion's Order, this Court is in agreement with the Magistrate Judge's determinations. Because the Magistrate Judge properly ruled on the motion to compel, Plaintiff's objection will be overruled.

As to Plaintiff's third objection, despite the untimely filing of Plaintiff's brief in opposition, statement of material facts, and declaration, this Court has made a de novo review of all of the pleadings and evidence. A review of the pleadings shows that Plaintiff set forth and cited to an affidavit attached to his objections (Doc. 106) and a declaration (Doc. 110) which this

Court can consider as evidence[1]. The affidavit attached to the objections contains reasons and

explanations for the untimely filing of Plaintiff's response, brief, and statement of facts. As

stated, although these documents were untimely filed, this Court has reviewed them and is

making a de novo review of the pending motion and is reconsidering the merits of all arguments.

In his declaration, Plaintiff first asserts that Defendant Spencer, by entering Plaintiff's cell

by himself, violated a Department of Corrections policy that a cell door in the Special Housing

Unit shall not be opened unless a minimum of two guards are present. Plaintiff cited

Pennsylvania Department of Correction Policy 06.05.01(7)(a)(3), which reads: "[a] cell door in

the [Restricted Housing Unit] shall not be opened unless a minium of two (2) Corrections

Officers is [sic] present at the cell" except for "life threatening emergencies." Pennsylvania

D.O.C. v. Clapper, 842 A.2d 526, 529 n.4 (Pa. Commw. Ct. 2004). Defendants failed to produce

a copy of this policy, but in answering Plaintiff's interrogatory about the policy stated that:

> An officer is entitled to enter an inmate's cell whenever he believes that it [sic]
> appropriate to do so. Correctional officers may search an inmate's cell, enter the
> cell to remove an inmate or enter a cell for any proper purpose. Inmates have no
> expectation of privacy within their cells and have no right to restrict or prevent an
> officer from entering a cell.

(Doc. 70-1, p. 3). For purposes of this motion, it will be assumed that Defendant Spencer

violated this Department of Corrections policy by entering Plaintiff's Restricted Housing Unit

cell by himself. However, such a violation does not excuse this Court from holding Plaintiff,

under the Heck doctrine, as the aggressor and assaulter in this matter based on his conviction.

---

[1] A party asserting that a fact is genuinely disputed cannot rely on arguments in the party's briefs and pleadings but must cite to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, admissions, interrogatory answers, or other materials. FED. R. CIV. P. 56(c)(1)(A).

Further, such a violation does not create a genuine issue of fact regarding whether Defendant Spencer used excessive force in response to Plaintiff's assault against him. Accordingly, this objection will be overruled.

Also in his declaration, Plaintiff argues that he has been prejudiced by Defendants' failure to produce video footage of the incident. (Doc. 110, p. 2). Defendants, under oath in their discovery responses, stated that there is no video footage available of the incident and Plaintiff has not set forth evidence that a video recording of the incident is in existence. In the absence of evidence to the contrary, this Court accepts that there is no video of the incidence, and will overrule this objection.

Plaintiff's claim against Defendants Spencer and Asure is for excessive force. "The Eighth Amendment prohibits the 'unnecessary and wanton infliction of pain.'" McCallum v. Comm'r of the N.J. D.O.C., 419 Fed. Appx. 301, 304 (3d Cir. 2011), citing Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 259 (3d Cir. 2010). "The core inquiry on an excessive-force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" McCallum, 419 Fed. Appx. at 304, citing Wilkins v. Gaddy, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). "'It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by' the Eighth Amendment; '[t]he infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence

unnecessary in the strict sense.'" McCallum, 419 Fed. Appx. at 304, citing Whitley, 475 U.S. at 319. "In order to determine whether a correctional officer has used excessive force, we examine: '(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.'" McCallum, 419 Fed. Appx. at 304, citing Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (internal citations, quotations omitted).

Until such time as Plaintiff's conviction is overturned, based on his guilty plea and admission, he is the aggressor and did assault Defendant Spencer. However, Plaintiff's claims are not entirely barred by Heck, as an officer may use force that is excessive in a lawful detention. See Lora-Pena v. FBI, 529 F.3d 503, 506 (3d Cir. 2008), citing Nelson v. Jashurek, 109 F.3d 142, 145-146 (3d Cir. 1997). Here, Magistrate Judge Mannion properly relied on Plaintiff's guilty plea and admission in determining that Plaintiff was the aggressor, and also correctly determined that such a conclusion was not dispositive of Plaintiff's excessive force claim but that all of the evidence must be weighed as to whether that aggression was met by reasonable or excessive force. (Doc. 103, p. 6). Thus, this Court must exam whether the amount of force used was excessive weighing the extent of the Plaintiff's injuries. Defendants entered uncontradicted evidence that it took approximately five correctional officers to restrain Plaintiff following his altercation with Defendant Spencer. (Doc. 100-1, pp. 26-36). Defendants entered evidence that Plaintiff was treated for two lumps to his forehead and multiple superficial scratches. (Doc. 100-1, pp. 27, 37, 41). These minor injuries are consistent with Plaintiff's

deposition regarding his injuries. (Doc. 100-1, p. 45-47). This Court agrees with Magistrate Judge Mannion, that since it has been established that Plaintiff was the aggressor, there is no question that some force was needed to restrain Plaintiff and these minor injuries demonstrate that the force applied was reasonable. See (Doc. 103, p. 8). The evidence, when read in a light most favorable to Plaintiff, does not establish a genuine issue as to whether the detainment by Defendant Spencer or the other non-Defendant corrections officers was reasonable following Plaintiff's assault of Defendant Spencer.

After a careful, independent review of the pleadings and evidence of record, the Magistrate Judge's Report and Recommendation (Doc. 103) will be adopted and Defendants' motion for summary judgment (Doc. 99) will be granted. This action will be dismissed without prejudice so that Plaintiff can refile if the appeal of his conviction is successful.

Date: February 1, 2013

_____
**United States District Judge**